# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[3] JONATHAN VARGAS-TORRES,

Defendant.

CRIMINAL NO.  15-137 (SCC)(HRV)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### *Introduction*

Pending before the Court is *pro se* defendant Jonathan Vargas-Torres' (hereinafter "Mr. Vargas-Torres") motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant seeks compassionate release based on the risks associated with the COVID-19 pandemic as well as his family circumstances.  He contends that extraordinary and compelling reasons warrant that he be allowed to be released to home confinement.  He further argues that the requested relief is consistent with the 18 U.S.C. § 3553(a) factors.  The United States opposes defendant's motion.  This matter has been referred to me for report and recommendation.

For the reasons that follow, I recommend that the motion for compassionate release be DENIED.

1

*Background*

On June 3, 2019, Mr. Vargas-Torres pleaded guilty to Count One of the Indictment, which charged him and others, with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a), 846 and 860. (Docket Nos. 918, 920). He also pleaded guilty to Count Six of the Indictment which charged him and others with possessing firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*) On May 8, 2019, Mr. Vargas-Torres was sentenced to a term of imprisonment of 70 months as to Count One and 60 months as to Count Two, for a total of 130 months. (Docket Nos. 964, 965). He was also sentenced to a total supervised release term of five (5) years. (*Id.*).

Mr. Vargas-Torres filed his motion for compassionate release on May 17, 2022. (Docket No. 1169). The government filed its opposition on June 15, 2022. (Docket No. 1178). On April 18, 2024, the presiding district judge referred the matter to me for report and recommendation. (Docket No. 1251).

A search of the Bureau of Prison's ("BOP") inmate locator revealed that Mr. Vargas-Torres is currently under the residential re-entry program, commonly known as halfway house, with an expected release date of June 2, 2024, that is, in approximately two weeks. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 15, 2024).

*Applicable Law and Discussion*

The so-called compassionate release statute, allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

2

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with any applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Moreover, the United States Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain

3

medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision where any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

Mr. Vargas-Torres submits that he suffers from hyperthyroid, a medical condition that he claims exacerbates his other medical condition—asthma—causing shortness of breath. (Docket No. 1169 at 1). According to defendant, these conditions place him at an increased risk for severe illness or death should he contract COVID-19. He also maintains that upon the passing of his mother in 2019, his father was left alone requiring Mr. Varga-Torres' "assistance and economic aid." (*Id.*) Defendant's son and nephew are also totally dependent on him upon his return home. He cites examples of other inmates that were granted home detention and argues that the circumstances of his § 924(c) offense demonstrate that he is entitled to relief as per the § 3553(a) factors.

The government responds opposing the granting of compassionate release to Mr. Vargas-Torres arguing that his medical conditions were being adequately managed by the BOP and that he has submitted no evidence to show that the conditions were sufficiently severe to warrant early release. The government also alerts the Court about the fact that defendant has been vaccinated. Lastly, the government asserts that Mr. Vargas-Torres still poses a danger to the community and that the section 3553(a) factors counsel against release.

After careful consideration, I find that the grounds advanced by the defendant do not rise to the level of extraordinary and compelling reasons justifying a reduction of his sentence. First, he presents his claims in rather conclusory fashion without evidentiary support. Second, the records attached to the government's opposition show that while housed in a BOP facility, his medical conditions were characterized as mild and were well-managed. (Docket No. 1718-2). Third, and critically important, Mr. Vargas-Torres has been vaccinated against COVID-19. *See United States v. Figueroa-Gibson*, No. 16-802 (RAM), 2024 WL 376432, 2024 U.S. Dist. LEXIS 21088 (D.P.R. Jan. 31, 2024)(denying compassionate release to a fully-vaccinated defendant who suffered from asthma.).

"While COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316 at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary. However, it no longer constitutes the emergency that it once did.") Additionally, correctional facilities have developed procedures to ameliorate the risk of infection, vaccines are readily available, and transmission within the prison population is relatively low.[1] *See United States v. Berrios-Cruz*, Criminal No.

---

[1] Statistics from the BOP show the majority of the facilities at zero (0) cases. The facility with the highest number of open COVID-19 cases is at 6, out of a prison population of 1,025 inmates. *See* BOP Statistics: Inmate COVID-19 (last visited May 15, 2024).

5

12-0162 (GMM), 2023 WL 4838152, 2023 U.S. Dist. LEXIS 131366, at *9 (D.P.R. July 28, 2023)(noting that as pandemic conditions evolved, factors that satisfied the extraordinary and compelling standard at the beginning of it, were less likely to satisfy the standard today, particularly with the widespread availability of vaccines.). Simply put, nothing in the record comes close to showing that any medical condition of Mr. Vargas-Torres was being mishandled by the BOP or substantially interfered with his ability to provide self-care. *See* U.S.S.G. § 1B1.13(b)(1)(B).

Regardless, assuming *arguendo* the existence of extraordinary and compelling reasons, I find that a modification of defendant's sentence would be inconsistent with the § 3553(a) factors and that he continues to be a danger to the community. The seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against a reduction of sentence. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). Mr. Vargas-Torres accepted responsibility for his participation in a drug-trafficking conspiracy in which he had a leadership role and possessed firearms.

In any event, since the defendant's custody status has changed from a prison setting to a residential re-entry center (currently home confinement), his arguments about the health risks associated with the COVID-19 pandemic and his family circumstances greatly diminish in force. It should also be noted that his formal release date is two weeks away. Simply put, "the defendant's situation [does not] constitute[] the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th at 4.

*Conclusion*

In view of the above, I recommend that the motion for compassionate release at Docket No. 1169 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 15th day of May, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE